UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KEVIN BURNS,

    Plaintiff,

v.                                        Case No. 1:25cv52-MW-HTC

SHERIFF DARBY BUTLER,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Kevin Burns, proceeding *pro se*, has filed a civil rights complaint alleging that a background check conducted by the Dixie County Jail excluded his birth name and social security number. Doc. 1.[1] Burns has also filed a motion to proceed *in forma pauperis*. Doc. 2. Upon consideration, the undersigned finds Burns' complaint should be DISMISSED WITH PREJUDICE as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).[2] Because the action is frivolous, the motion to proceed *in forma pauperis* is DENIED.

---

[1] After filing the complaint, Burns filed a "Motion to Added," which the clerk docketed as a "Statement of Claims," but which contains a random reference to "Barker, a Supreme Court Case," that Burns represents held "lack of immunity from prosecution when Constitutional Rights are violated 18 USC 242 Civil Rights Act of 1866." This filing is nonsensical.

[2] The undersigned notes Burns has filed eight cases with the Court within the past month. In addition, Burns has previously filed cases with the Court that were dismissed as frivolous or for failure to state a claim. *See Burns v. Gooldin*, Case No. 1:24cv68-AW-MAF (N.D. Fla. June 24, 2024) (dismissed as frivolous); *Burns v. United States*, Case No. 4:22cv1-MW-MAF (N.D. Fla.

## I.  Background

In this lawsuit, Burns names one Defendant—Sheriff Darby Butler.  Burns alleges he filed to change his name on May 13, 2024, and on July 2, 2024, his name was changed to Kevin Burns.  At some unspecified time, he was ordered to get a background check from Dixie County Jail and noticed the results "was missing [his] birth name of Kevin Lee Rogers and had a different social security number."  Doc. 1 at 7.

Based on the foregoing, Burns alleges his First, Fourth, Sixth, Seventh, Eighth, and Fourteenth Amendment rights, the "Americans with disability act as well as both state and federal laws" have been violated.  *Id.* at 8.  As relief, he seeks his "criminal record to be corrected" and "an injunction order to stop retaliation for this filing and 666 dollars in pain and suffering."  *Id.*

## II.  Legal Standard

Because Burns seeks to proceed *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To state a claim, Burns must plead factual content which allows the Court to draw the

---

May 26, 2022) (dismissed for failure to state a claim and as barred by the statute of limitations); *see also Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) ("On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered.") (citations omitted).

Case No. 1:25cv52-MW-HTC

reasonable inference the Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Burns' *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. Discussion

Here, Burns' claims are patently frivolous and nonsensical. A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As seen from the allegations above, Burns sets forth no facts or law showing that he is entitled to relief or that his constitutional rights have been violated. He merely complains about some issue relating to a background check and contends, in conclusory fashion, that his rights have been violated. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that "clearly baseless" allegations include "allegations that are 'fanciful,' 'fantastic,' and 'delusional,'" or "rise to the level of … irrational or … wholly incredible"). Based on the foregoing, Burns' claims are frivolous and should be dismissed with prejudice. *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to

amend his complaint, a district judge need not allow an amendment where amendment would be futile.") (citation omitted).

Finally, because Burns has no viable claim, his motion to proceed *in forma pauperis* is also denied. *See e.g., Romagnano v. Byrd,* No. 3:23cv8294-TKW-HTC, 2023 WL 3466656, at *3 (N.D. Fla. Apr. 28, 2023), *report and recommendation adopted*, 2023 WL 3457879 (N.D. Fla. May 15, 2023), *appeal dismissed,* No. 23-11687-A, 2024 WL 2229284 (11th Cir. Jan. 9, 2024); *Reardon v. Institutional Leasing LLC*, 2012 WL 13042665, at *1 (S.D. Fla. Mar. 6, 2012) ("the Court can deny a motion to proceed in forma pauperis and dismiss the action if the claims in the underlying complaint are frivolous or fail to state a claim on which relief may be granted"); *see also Davis v. CitiMortgage, Inc.*, 2012 WL 13134242, at *1 (N.D. Ga. Jan. 9, 2012) (recommending that plaintiff's motion for *in forma pauperis* status be denied "because, having reviewed the complaint in this action with deference to the fact that Plaintiff is attempting to appear pro se, the federal claim set forth in the complaint is frivolous and/or fails to state a claim for relief, and repleader would be futile against the named Defendant"), *report and recommendation adopted*, 2012 WL 13134244 (N.D. Ga. Feb. 2, 2012).

Accordingly, it is ORDERED:

1. Burns' motion to proceed *in forma pauperis*, Doc. 2, is DENIED.

And it is RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

2. That the Clerk close the file.

At Pensacola, Florida, this 20th day of February, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.

Case No. 1:25cv52-MW-HTC